UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| MAKHFUZA ESHMURODOVA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, BLUEBONNET DETENTION CENTER,<br><br>Respondent. | No. 1:26-CV-00294-H |

**ORDER**

Petitioner Makhfuza Eshmurodova, a self-represented immigrant detainee, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging her detention in the Bluebonnet Detention Center pending removal proceedings. Dkt. No. 1. She seeks release from detention or an individualized bond hearing.

Respondent filed a response along with relevant records, urging the Court to deny the petition. Dkt. Nos. 5, 6. Respondent contends that Petitioner is subject to mandatory detention as an applicant for admission under 8 U.S.C. § 1225, so she is ineligible for release. And Respondent argues that Petitioner's detention pending her removal proceedings does not otherwise offend the Due Process Clause.

Petitioner did not file a reply.

The Court has reviewed Petitioner's pleadings and Respondent's response with the attached records. Based upon the facts and the law set forth in Respondent's response and supported by the relevant records, the Court finds that Petitioner is not entitled to federal habeas relief. The Court has consistently found, in cases indistinguishable from this one, that applicants for admission like Petitioner are properly detained without bond under

Section 1225(b)(2)(A), and that the Fifth Amendment does not require release under these circumstances.[1] And the Fifth Circuit recently confirmed that applicants for admission are not entitled to seek release pending removal proceedings. *See Sosnava Rodriguez v. Vergara*, 193 F.4th 837, 858 (5th Cir. Oct. 23, 2026) ("So long as an alien's detention pending removal 'ha[s] a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process.") (quoting *Demore v. Kim*, 538 U.S. 510, 529 (2003)).

Thus, the petition for writ of habeas corpus is denied, and this civil action is dismissed.

So ordered.

The Court will enter judgment accordingly.

Dated November 23, 2026.

JAMES WESLEY HENDRIX
United States District Judge

[1] *See, e.g.*, *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo*, 814 F. Supp. 3d 747; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025); *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723–26 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)).